The document below is hereby signed.

Signed: December 17, 2008.



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JERIESHA ROSE SMITH, | ) | Case No. 08-00574 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE MOTION TO REDEEM

The debtor seeks to redeem certain personal property from the tax liens of the Internal Revenue Service.  Specifically, the debtor's motion states:

> The item to be redeemed is Debtor's tangible personal property intended primarily for personal, family or household use listed on Schedule B and more particularly described as follows:
>
> | | |
> |---|---:|
> | Cash on Person | $ 25.00 |
> | Checking Account with Bank of America | $108.00 |
> | Savings Account with Bank of America | $  7.75 |
> | Savings Account with BB&T | $187.00 |
> | Personal furniture | $850.00 |
> | Clothing | $800.00 |
> | Bicycle | $200.00 |
> | TOTAL: | $2,177.75 |

The motion also seeks an order directing the Internal Revenue Service to release its tax liens upon the debtor paying the value of the redeemed property.  The motion cannot be granted as

presently cast.

I

A debtor's checking and savings accounts are not tangible personal property, and redemption is limited to tangible personal property.  A bank account "consists of nothing more or less than a promise to pay, from the bank to the depositor." Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 21 (1995) (citations omitted).  Redemption cannot be ordered as to the checking and savings accounts.

II

The motion may be motivated by a desire to have a ruling limiting the tax liens to the value of the property the debtor now owns, the property sought to be redeemed, with the tax liens not reaching property acquired in the future.  But as a matter of law, by reason of the debtor's forthcoming discharge, the tax liens will not reach property that was acquired by the debtor after the petition date.  See, e.g., In re Schneiderman, 254 B.R. 296 (Bankr. D.D.C. 2000); United States v. Sanabria, 424 F.2d 1121, 1123 (7th Cir. 1970).  There is no necessity to obtain a decree to that effect as the Internal Revenue Service will not engage in a prohibited attempt to collect its discharged claims from assets acquired postpetition.  The debtor's discharge will be all she needs to establish that her assets acquired postpetition are not subject to the tax liens.

The debtor seeks an order compelling the Internal Revenue Service to release the tax liens, but that would be inappropriate as such an order would be injunctive in nature, requiring an adversary proceeding by reason of Fed. R. Bankr. P. 7001. Moreover, non-redeemed property (the bank accounts) will remain subject to the tax liens, so a release of the tax liens (which releases the tax liens *in toto*) would be inappropriate. The court has no authority to order a release under 26 U.S.C. § 6325(a) (declaring that the lien no longer attaches to *any* property) when the lien continues as a lien against any assets the debtor has not redeemed (including any assets the debtor may not have disclosed). Isom v. United States (In re Isom), 901 F.2d 744 (9th Cir. 1990).

At most the debtor would be entitled to obtain from the Internal Revenue Service a discharge of the redeemed property from the tax liens. 26 U.S.C. § 6325(b). Once the debtor redeems the property, if the Internal Revenue Service refuses to issue a certificate of discharge, the debtor could then sue in an adversary proceeding for an injunction compelling the Internal Revenue Service to issue a certificate of discharge. But the debtor could by motion obtain an order directing deposit of the necessary funds for redeeming the property into the registry of the court, awaiting granting of the redemption motion. The order granting redemption and directing transmittal of the deposited

redemption funds to the creditor could decree that the property has been redeemed from the liens.[1]  Upon recording of that order where the notices of tax liens are recorded, it would achieve the same effect as a certificate of discharge.

### III

Because the court would not grant the debtor's request in her motion for a release of the tax liens, the debtor may not wish the balance of her motion to be granted.  I am reluctant to grant the motion in part when that would not seem necessary to advance the debtor's interests.  The debtor's clothing, furniture, and bicycle are exempt from levy under 26 U.S.C. § 6334(a)(1) and (2).  The tax liens, therefore, cannot be enforced by way of levy against those items of personal property.  It is unlikely that a civil action would be brought to foreclose on property worth only $1,850.00 that, at foreclosure sale, would likely fetch less.  There are no reported decisions of which I am aware in which the United States has sought to foreclose on property exempt from levy.  Enforcement of the lien against the $25 in cash (if the debtor still has it) is exceedingly unlikely, and, in any event, there is no apparent reason why the debtor

---

[1]  Pursuant to an amendment made in 2005, the statute now requires payment to the lienholder "in full at the time of redemption."  11 U.S.C. § 722.  When the funds are deposited in the registry of the court, and transmitted to the creditor upon entry of the order authorizing redemption, there is no issue regarding the payment having been made at the time of redemption.

4

would take the step of redeeming cash with cash.

Although 11 U.S.C. § 722 provides that the debtor may redeem property, I am reluctant to sign an order granting the motion in part, and directing that redeemable property can be redeemed by prompt payment of the specified values, unless it is clear that the debtor intends to go forward with redemption even though redemption appears unnecessary to advance any interest of the debtor.

IV

In light of the foregoing, it is

ORDERED that the motion is denied with respect to the checking and savings accounts and with respect to the request for an order directing the Internal Revenue Service to issue (upon payment of the redemption amounts) a certificate of release of the tax liens.  It is further

ORDERED that if the debtor desires to pursue the balance of her motion even though it does not appear to be necessary to advance her interests, then within 28 days after entry of this order, the debtor shall file a statement that she wishes to pursue the balance of her motion, together with a revised proposed order (a) eliminating the request for an order directing the Internal Revenue Service to issue a release of its liens and (b) limiting redemption to the items of tangible personal property.  It is further

ORDERED that if the debtor neglects to timely file a revised proposed order, the court will enter an order dismissing the motion without prejudice.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney.